# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*     \*

RICHARD T. DAHL, by his legal     \*
guardian,                                    \*       No. 13-098V
CARRIE BARTH, mother         \*
                                             \*

                    Petitioner,      \*       Special Master Christian J. Moran
                                             \*

v.                                            \*       Filed: March 24, 2017
                                             \*

SECRETARY OF HEALTH       \*       Stipulation; influenza ("flu") vaccine;
AND HUMAN SERVICES,       \*       Guillain-Barré syndrome ("GBS").
                                             \*

                    Respondent.     \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*     \*

<u>Kate G. Westad</u>, Larkin Hoffman, et al. Ltd., Minneapolis, MN, for Petitioner;
<u>Linda S. Renzi</u>, U.S. Dep't of Justice, Washington, DC, for Respondent.

## <u>UNPUBLISHED DECISION</u>[1]

On March 24, 2017, the parties filed a joint stipulation concerning the petition for compensation filed by Carrie Barth, as mother and legal guardian of Richard T. Dahl, on February 5, 2013. In her petition, petitioner alleged that the influenza vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), and which Richard received on November 2, 2011, caused Richard to suffer Guillain-Barré Syndrome ("GBS"), and other adverse injuries. Petitioner further alleges that Richard suffered the residual effects of this injury for more than six months. Petitioner represents that there has been no prior award or settlement of a civil action for damages on Richard's behalf as a result of his condition.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Respondent denies that the influenza vaccine caused Richard to suffer GBS or any other injury.

Nevertheless, the parties agree to the joint stipulation, attached hereto. The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Damages awarded in that stipulation include:

  a. **A lump sum of $25,000.00, for reimbursement to the State of Minnesota Department of Human Services for the Medical Lien, in the form of a check payable jointly to petitioner and**

  **Attn: Britt M. Graupner**
  **Tort Recovery Unit Manager**
  **Benefit Recovery Section**
  **Minnesota Department of Human Services**
  **P.O. Box 64994**
  **St. Paul, MN 55164-0994**

  **Petitioner agrees to endorse this payment to the Minnesota Department of Human Services.**

  b. **A lump sum payment of $248,000.00 in the form of a check payable to petitioner, as guardian/conservator of Richard Dahl's estate.**

  **This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment in case 13-098V according to this decision and the attached stipulation.[2]

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

Any questions may be directed to my law clerk, Dan Hoffman, at (202) 357-6360.

**IT IS SO ORDERED.**

<u>s/Christian J. Moran</u>
Christian J. Moran
Special Master

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

RICHARD T. DAHL, by his legal guardian, )
CARRIE BARTH, mother, ) ECF
) No. 13-98V
           Petitioner, ) Special Master Moran
    v. )
)
SECRETARY OF HEALTH )
AND HUMAN SERVICES, )
)
           Respondent. )
)

## STIPULATION

The parties hereby stipulate to the following matters:

1. Carrie Barth, as mother and legal guardian of Richard T. Dahl, ("petitioner") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for Richard's injuries allegedly related to the seasonal influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Richard received his vaccination on November 2, 2011.

3. The vaccination was administered within the United States.

4. Petitioner alleges that Richard suffered Guillain-Barré Syndrome ("GBS"), and other adverse injuries as a result of the vaccine, and that Richard experienced the residual effects of these injuries for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on Richard's behalf as a result of his condition.

6. Respondent denies that Richard suffered GBS or any other injury as the result of his November 2, 2011 flu vaccination, and denies that his current condition is the sequela of his

alleged vaccine injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

    a.    A lump sum of $25,000.00, for reimbursement to the State of Minnesota Department of Human Services for the Medical Lien, in the form of a check payable jointly to petitioner and

        Attn.: Britt M. Graupner
        Tort Recovery Unit Manager
        Benefit Recovery Section
        Minnesota Department of Human Services
        P.O. Box 64994
        St. Paul, MN 55164-0994

        Petitioner agrees to endorse this payment to the Minnesota Department of Human Services.

    b.    A lump sum of $248,000.00 in the form of a check payable to petitioner, as guardian/conservator of Richard Dahl's estate.

        This amount represents compensation for all remaining damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after Petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

11. Payments made pursuant to paragraph 8 of this Stipulation and any amounts awarded pursuant to paragraph 9 will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of Richard as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as guardian/conservator of Richard Dahl's estate under the laws of the State of Minnesota. No payment pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as guardian/conservator of Richard's estate. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of the estate of Richard Dahl at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian/conservator of the estate of Richard Dahl upon submission of written documentation of such appointment to the Secretary.

3

14. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity and as legal guardian/conservator of Richard, on behalf of herself, Richard, and Richard's heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Richard resulting from, or alleged to have resulted from the flu vaccination administered to Richard on November 2, 2011, as alleged by petitioner in a petition for vaccine compensation filed on or about February 5, 2013, in the United States Court of Federal Claims as petition No. 13-98V and amended on June 2, 2016.

15. If Richard should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated

4

and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

18. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused Richard to suffer GBS or any other injury or condition.

19. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal guardian/conservator of Richard Dahl.

END OF STIPULATION

Respectfully submitted,

**PETITIONER:**

_(signature)_

CARRIE BARTH,
Legal Guardian of RICHARD DAHL

**ATTORNEY OF RECORD FOR
PETITIONER:**

_(signature)_

KATE G. WESTAD, ESQ.
LARKIN HOFFMAN DALEY &
LINDGREN
8300 Norman Center Drive, Suite 1000
Minneapolis, MN 55437-1060
(952) 896-3227

**AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:**

_(signature)_

CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:**

_(signature)_

NARAYAN NAIR, M.D.
Director, Division of Injury Compensation
Programs (DICP)
Healthcare Systems Bureau
Health Resources and Services Administration
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

Dated: March 24, 2017

**ATTORNEY OF RECORD FOR
RESPONDENT:**

_(signature)_

LINDA S. RENZI
Senior Trial Counsel
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-4133

5